Mark T. Flewelling (#96465)
  mflewelling@lagerlof.com
Michael Rapkine (#222811)
  mrapkine@lagerlof.com
LAGERLOF, LLP
155 North Lake Avenue, 11th Floor
Pasadena, California 91101
Tel: (626) 793-9400 | Fax: (626) 793-5900

Attorneys for Plaintiff
WELLS FARGO BANK, N.A.,

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A., | CASE NO.: 2:23-cv-00683 |
| Plaintiff, | |
| v. | **COMPLAINT FOR INTERPLEADER** <br> **[FRCP 22]** |
| YUANKAI NANGONG, an individual; SHELIA R. RAINEY KNOX, an individual; JILL ELIZABETH HERTRICK, an individual; and DOES 1-10, | |
| Defendants. | |

Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") alleges as follows:

### JURISDICTION AND VENUE

1. This interpleader action is brought pursuant to Fed. R. Civ. P. 22.

2. Jurisdiction is proper because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00.

3. Venue is proper in this district pursuant to Fed. R. Civ. P. 1391(b) because at least one of the defendants resides in this district.

## THE PARTIES

4. Wells Fargo is a national banking association organized under the laws of the United States of America. Wells Fargo's main office is located in Sioux Falls, South Dakota, and it is a citizen of South Dakota.

5. On information and belief, defendant Yuankai Nangong ("Nangong") is a citizen of China who resides in Rowland Heights, California.

6. On information and belief, defendant Shelia R. Rainey Knox ("Knox") is a citizen of Texas who resides in Humble, Texas.

7. On information and belief, defendant Jill Elizabeth Hertrick ("Hertrick") is a citizen of North Carolina who resides in Raleigh, North Carolina.

8. Wells Fargo is ignorant of the true names and capacities of the defendants sued as Does 1-10 and, for this reason, sues those defendants by fictious names. On information and belief, each of the fictitiously named defendants claims some right, title, or interest in or to the account proceeds that are the subject of this complaint. When Wells Fargo ascertains the true names and capacities of the fictitiously named defendants, it will amend this complaint by inserting the same herein.

## GENERAL ALLEGATIONS

9. On September 6, 2022, defendant Nangong opened a deposit account at Wells Fargo, Account No. ******2770. (the "Nangong Account".)

10. On September 14, 2022, $49,000.00 was wired from defendant Knox's deposit account into the Nangong Account. (the "Knox Wire".)

11. On September 14, 2022, $40,000.00 was wired from defendant Hertrick's deposit account into the Nangong Account. (the "Hertrick Wire".)

12. On September 15, 2022, defendant Knox recalled the Knox Wire and requested that Wells Fargo return the proceeds to her deposit account. Upon information and belief, defendant Knox contends that she was fraudulently induced into sending the Knox Wire and that Nangong is not entitled to any portion of the

proceeds.

13. On further information and belief, Nangong contends that the Knox Wire was properly authorized by Knox, that the proceeds were intended to be deposited into the Nangong Account, and that Nangong is entitled to keep the $49,000.00 in proceeds.

14. Given the conflicting demands by Nangong and Knox, Wells Fargo has placed a hold on the $49,000.00 in proceeds from the Knox Wire.

15. Given the suspicious activity in the Nangong Account less than two weeks after it had been opened, Wells Fargo also placed a hold on the $40,000.00 in proceeds from the Hertrick Wire.

16. During a subsequent inquiry into the Hetrick Wire, defendant Hertrick maintained that she was fraudulently induced into sending the Hertrick Wire and that Nangong is not entitled to any portion of the $40,000.00 in proceeds.

17. On information and belief, Nangong contends that the Hertrick Wire was properly authorized by Hertrick, that the proceeds were intended to be deposited into the Nangong Account, and that Nangong is entitled to keep the $40,000.00 in proceeds.

18. The aggregate amount of the proceeds from the Knox Wire and Hertrick Wire ($89,000.00) shall collectively be referred to as the "Proceeds".

## CLAIM FOR RELIEF - INTERPLEADER
## (AGAINST ALL DEFENDANTS)

19. Wells Fargo incorporates the foregoing paragraphs by reference.

20. Wells Fargo is, and at all times mentioned in this complaint was, ready, willing, and able, to pay the Proceeds to the person or persons who are legally entitled to the Proceeds.

21. The defendants, and each of them, are persons known to Wells Fargo to be asserting some right, title, or interest in the Proceeds and/or potentially could assert some right, title or interest in the Proceeds. Hence, there are conflicting

potential demands upon Wells Fargo.

22. Wells Fargo is unable to determine with certainty the validity of the actual and potential conflicting demands that are and may be made by the defendants; thus, Wells Fargo cannot determine to whom the Proceeds should be paid.

23. Additionally, Wells Fargo may be exposed to multiple claims or liability should it make payment of the Proceeds to an individual or individuals not entitled to the Proceeds.

24. Wells Fargo claims no interest in the Proceeds or any part thereof, other than as a mere stakeholder, and it is indifferent as to which person(s) should receive the Proceeds. Accordingly, Wells Fargo files this complaint in good faith and without collusion with any of the defendants in order to resolve all disputes over the Proceeds.

25. Wells Fargo has no other means of protecting itself from the inconvenience and burden of duplicative claims and therefore is entitled to interplead the Proceeds into this Court. Wells Fargo is also entitled to obtain judgment of this Court releasing Wells Fargo from further participation in this action, and the bank is also entitled to recoup its reasonable fees and costs in interpleading the Proceeds.

26. Defendants should be required to assert their respective claims to the Proceeds and litigate these claims among themselves.

27. Wells Fargo is entitled to a permanent injunction against all defendants which enjoins them from instituting or prosecuting any proceeding in any State or United States Court against Wells Fargo, or in any other country or jurisdiction, arising from the Proceeds, and requiring the defendants to make any claim they might have with regard to the Proceeds in this action.

28. Promptly after the filing of this Complaint, Wells Fargo will file a motion to deposit the Proceeds with the Court. Once the Court grants the motion,

Wells Fargo will deposit with the Clerk of this Court a check for the Proceeds.

29. Wells Fargo has retained legal counsel to protect its interests arising out of the defendants' actual and potential conflicting claims. Wells Fargo's attorneys' fees, costs, and disbursements in connection with this action are a legal charge upon the Proceeds and should be repaid to Wells Fargo out of the funds that it will deposit with the Clerk of this Court. The remaining portion of the Proceeds should be paid over to the proper parties, as determined by the Court.

### **PRAYER**

WHEREFORE, Wells Fargo prays for judgment against all defendants as follows:

1. That this Court decree that the complaint is properly filed and that this is a proper cause for interpleader;
2. That the Clerk of this Court be authorized and directed to accept the funds interpled by this action and to deposit the same into the Court's registry held in an interest bearing account;
3. That defendants each be compelled to adjudicate or settle among themselves their respective rights or claims to the Proceeds;
4. That the Court enter an Order restraining defendants, and each of them, from instituting or prosecuting any proceeding in any State or United States Court against Wells Fargo with respect to the Proceeds.
5. That having deposited the Proceeds with the Clerk of the Court, Wells Fargo be discharged from all liability to defendants, and each of them, in this action and for any acts or omissions arising from or relating to the Proceeds.
6. That Wells Fargo be awarded its cost of suit incurred in this action, including its reasonable attorneys' fees, to be paid out of the funds that Wells Fargo will deposit with the Clerk of the Court; *and*

/ / /

LAGERLOF LLP

7. For such other and further relief as the Court deems just and proper.

Dated: January 27, 2023

Respectfully Submitted,

LAGERLOF, LLP

By: */s/ Michael Rapkine*
Michael Rapkine
Attorneys for Plaintiff
WELLS FARGO BANK, N.A.