UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:23-cv-00683-MCS-JC | Date November 21, 2023 |
| Title *Wells Fargo Bank, N.A. v. Yuankai Nangong et al.* | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER GRANTING IN PART AND DEFERRING IN PART MOTION FOR DISCHARGE OF INTERPLEADER (ECF NO. 27), DIRECTING ENTRY OF DEFAULT, AND REQUIRING DEFENDANTS TO SHOW CAUSE

The Court held a status conference in this case on July 24, 2023. (Mins., ECF No. 26.) Defendants Sheila Rainey Knox and Jill Elizabeth Hertrick appeared *pro se*. Plaintiff Wells Fargo Bank, N.A. appeared through counsel. Plaintiff's counsel advised the Court that Defendant Yuankai Nangong appeared to have disappeared. (*Id.*) Plaintiff signaled its intent to file a motion for discharge of interpleader. (*Id.*) That motion is now before the Court. (Mot., ECF No. 27.)

The Court briefly recites the history of this case. According to Plaintiff, on September 14, 2022, Knox wired $49,000 from her Wells Fargo deposit account to Nangong's Wells Fargo deposit account ("Knox Wire"). (Compl. ¶ 10, ECF No. 1.) On the same day, Hertrick wired $40,000 from her Wells Fargo deposit account to Nangong's Wells Fargo deposit account ("Hertrick Wire"). (*Id.* ¶ 11.) Following the transfers, Knox and Hertrick notified Wells Fargo, separately, that they had been fraudulently induced by Nangong into sending the wires and demanded a return of the funds. (*Id.* ¶ 12.) Nangong asserted that the Knox Wire and the Hertrick Wire were properly authorized by the respective account holders. (*Id.* ¶ 13.) Given the

conflicting demands by Nangong, Hertrick, and Knox, Wells Fargo placed a hold on the Knox Wire and the Hertrick Wire. (*Id.* ¶¶ 14–15.) Nangong denied all allegations of wrongdoing and insisted he is entitled to keep the $89,000 (the "Proceeds"). (*Id.* ¶ 17) However, Plaintiff's numerous attempts to reach Nangong have proven unsuccessful. (Mot. 3; Bennett-Parks Decl. ¶ 12, ECF No. 27-2.) "It is believed [he] was actively evading service" before the Court authorized service by publication. (Mot. 3)

The Court concludes interpleader is appropriate here. "When a stakeholder of a sum of money is subject to competing claims, an interpleader action allows the stakeholder to sue the various claimants, forcing the claimants to litigate who is entitled to the money." *Metro. Life Ins. Co. v. Billini*, No. CIV. S-06-02918 WBS KJM, 2007 WL 4209405, at *2 (E.D. Cal. Nov. 27, 2007); *see* Fed. R. Civ. P. 22(a). Interpleader actions proceed in two stages: in the first, the Court determines whether interpleader is appropriate and discharges the stakeholder; in the second, the Court adjudicates the claimants' rights. *Prudential Ins. Co. of Am.*, No. C09-0132 BZ, 2009 WL 1457676, at *4 (N.D. Cal. May 21, 2009).

Here, after being placed on notice of competing claims by the defendants to the Proceeds, Wells Fargo placed a hold on $89,000 within the Nangong account. (Mot. 27.) After determining that an agreement to return the Proceeds to Knox and Hertrick could not be reached, Wells Fargo initiated this action in interpleader. (*Id.*) Because Wells Fargo may be "expose[d to] double or multiple liability," the interpleader mechanism is appropriate. Fed. R. Civ. P. 22(a)(1).

Notwithstanding, Wells Fargo has yet to deposit the disputed funds with the Court. Generally, deposit of the interpleader funds must precede any discharge. *See Billini*, 2007 WL 4209405, at *2 ("If an interpleader action is properly brought *and the funds have been deposited with the court*, a court should readily discharge a stakeholder . . . ." (emphasis added)). Accordingly, although the motion is unopposed, and the Court preliminarily finds that Wells Fargo's request for discharge and for an award of attorneys' fees and costs is reasonable, the Court declines to enter an order discharging Wells Fargo and awarding it fees and costs until it deposits the Proceeds.

The motion is granted in part and deferred in part. Within 14 days, Wells Fargo shall deposit the disputed funds of $89,000.00 with the Clerk. The Court will resolve the balance of the motion, including Wells Fargo's request to recoup fees and costs, after the deposit.

The remaining question is what to do once the Proceeds are deposited with the Clerk. Defendant Nangong has not appeared in this matter either *pro se* or through counsel notwithstanding valid service by publication. Defendants Hertrick and Knox have appeared and allege they were fraudulently induced to wire Nangong the Proceeds. (Mot. 8; *see* Mins.) However, they have yet to move the case forward by filing, inter alia, answers or responses to Wells Fargo's motion. To secure the just, speedy, and inexpensive resolution of the second stage of this interpleader action, Fed. R. Civ. P. 1, the Court orders as follows.

Because Nangong has failed to appear, plead, or otherwise participate in this action, the Court directs the Clerk to enter default against him. Fed. R. Civ. P. 55(a). The Court has authority to enter a default judgment sua sponte and intends to enter a default judgment in favor of Wells Fargo, Hertrick, and Knox, and against Nangong. *See Turner v. Whitehorn*, 205 F.3d 1342, No. 98-6635, 1999 WL 1336074, at *2 (6th Cir. Dec. 21, 1999) (unpublished table decision) (noting that courts may enter default judgment sua sponte without prior notice in certain circumstances); *see also Metro. Life Ins. Co. v. Kent*, No. 07-11091, 2008 WL 302372, at *4 (E.D. Mich. Feb. 4, 2008) (entering default judgment sua sponte against a defendant in an interpleader action where defendant "failed to appear" for a hearing and status conference "after the Court expressly cautioned her in writing that the Court would enter a default if she failed to appear"); *Fed Ins. Co. v. Adams*, No. 05-cv-00965-MSK-CBS, 2007 WL 1456103, at *7 (D. Colo. May 15, 2007) ("A default judgment entered against a claimant in an interpleader action thus terminates that party's interest in the fund at issue[.]" (internal quotation marks omitted)); *Columbus Life Ins. Co. v. Walker-Macklin*, No. 1:15-CV-535, 2016 WL 4007092, at *2 (S.D. Ohio July 25, 2016) ("If only one interpleader defendant remains following the default of another defendant, the remaining defendant is entitled to the fund.").

///

The Court orders all parties to show cause within 14 days why a default judgment should not be entered against Nangong discharging Wells Fargo and awarding $38,843.89 of the Proceeds to Knox, $31,709.30 of the Proceeds to Hertrick, and $18,446.81 to Wells Fargo.[1] Failure to file a timely and satisfactory response will be deemed consent to entry of default judgment.

**IT IS SO ORDERED.**

---

[1] The Court is inclined to find that Wells Fargo is entitled to reasonable attorneys' fees and costs of $18,446.81. (The Court will decline to award an additional $644.00 in prospective fees Wells Fargo anticipated it would expend when it filed the motion. (Rapkine Decl. ¶ 8, ECF No. 27-1.)) Thus, unless the parties provide facts supporting an alternative division of the Proceeds, Knox and Hertrick should be entitled to recover the funds they wired, less proportionate deductions toward Wells Fargo's fees and costs. *See Schirmer Stevedoring Co., Ltd. v. Seabord Stevedoring Corp.*, 306 F.2d 188, 194 (9th Cir. 1962). In other words, Knox will receive $49,000.00 - $((49,000/89,000) \times \$18,446.81) = \$38,843.89$, and Hetrick will receive $40,000 - $((40,000/89,000) \times \$18,446.81) = \$31,709.30$.