UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-00683-MCS-JC | Date | January 29, 2024 |
| Title | *Wells Fargo Bank, N.A. v. Yuankai Nangong et al.* | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

Stephen Montes Kerr
Deputy Clerk

Not Reported
Court Reporter

Attorney(s) Present for Plaintiff(s):

None Present

Attorney(s) Present for Defendant(s):

None Present

**Proceedings:** (IN CHAMBERS) ORDER ENTERING DEFAULT JUDGMENT (ECF NO. 29) AND GRANTING MOTION FOR DISCHARGE OF INTERPLEADER (ECF NO. 27)

This is an interpleader action brought by Plaintiff Wells Fargo Bank, N.A. The Court previously granted in part Wells Fargo's motion for discharge of interpleader and deferred the remainder of the motion until Wells Fargo deposited the disputed funds with the Clerk. (Order 1, ECF No. 29.) Wells Fargo has since deposited the funds. (Financial Entry, ECF No. 31.)

Separately, the Court directed the Clerk to enter default against Defendant Yuankai Nangong and ordered all parties to show cause within 14 days why default judgment should not be entered against Nangong discharging Wells Fargo and awarding $38,843.89 of the proceeds to Defendant Shelia R. Rainey Knox, $31,709.30 of the proceeds to Jill Elizabeth Hertrick, and $18,446.81 to Wells Fargo. (*Id.* at 3–4.) No party answered the order to show cause. Therefore, the Court proceeds with entering default judgment against Nangong on its own motion.
///

## I. BACKGROUND

According to Wells Fargo, on September 14, 2022, Knox wired $49,000 from her Wells Fargo deposit account to Nangong's Wells Fargo deposit account ("Knox Wire"). (Compl. ¶ 10, ECF No. 1.) On the same day, Hertrick wired $40,000 from her Wells Fargo deposit account to Nangong's Wells Fargo deposit account ("Hertrick Wire"). (*Id.* ¶ 11.) Following the transfers, Knox and Hertrick notified Wells Fargo, separately, that they had been fraudulently induced by Nangong into sending the wires and demanded a return of the funds. (*Id.* ¶¶ 12, 16.) Nangong asserted that the Knox Wire and the Hertrick Wire were properly authorized by the respective account holders. (*Id.* ¶¶ 13, 17.) Given the conflicting demands by Nangong, Hertrick, and Knox, Wells Fargo placed a hold on the Knox Wire and the Hertrick Wire. (*Id.* ¶¶ 14–15.) Nangong denied all allegations of wrongdoing and insisted he is entitled to keep the $89,000 (the "Proceeds"). (*Id.* ¶¶ 13, 17.) However, Wells Fargo's numerous attempts to reach Nangong were unsuccessful. (Mot. 4; Bennett-Parks Decl. ¶ 12, ECF No. 13-2.)

## II. LEGAL STANDARDS

### A. Interpleader

Interpleader actions proceed in two stages. In the first, the Court determines whether interpleader is appropriate and discharges the stakeholder. In the second, the Court adjudicates the claimants' rights. *Prudential Ins. Co. of Am. v. Wells*, No. C09-0132 BZ, 2009 WL 1457676, at *4 (N.D. Cal. May 21, 2009).

### B. Default Judgment

Federal Rule of Civil Procedure 55(b)(2) permits the Court to enter default judgment. Courts may enter default judgment sua sponte. *See Turner v. Whitehorn*, 205 F.3d 1342, No. 98-6635, 1999 WL 1336074, at *2 (6th Cir. Dec. 21, 1999) (unpublished table decision); *see also Metro. Life Ins. Co. v. Kent*, No. 07-11091, 2008 WL 302372, at *4 (E.D. Mich. Feb. 4, 2008) (entering default judgment sua sponte against a defendant in an interpleader action where defendant "failed to appear" for a hearing and status conference "after the Court expressly cautioned her in writing that the Court would enter a default if she failed to appear"). On entry of default, well-pleaded allegations in the complaint concerning liability are taken as true; however, damages must be proven. *Garamendi v. Henin*, 683 F.3d 1069, 1080 (9th Cir. 2012) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

Courts weigh the *Eitel* factors in determining whether to enter default judgment: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### III. DISCUSSION

#### A. Discharge of Interpleader

The Court previously held interpleader was appropriate in this matter. (Order 2.) Now that Wells Fargo has deposited the funds with the Clerk, (Financial Entry, ECF No. 31), the Court discharges Wells Fargo from the proceedings. *See Metro Life Ins. Co. v. Billini*, No. CIV. S-06-02918 WBS KJM, 2007 WL 4209405, at *2 ("If an interpleader action is properly brought *and the funds have been deposited with the court*, a court should readily discharge a stakeholder . . . ." (emphasis added)).

The Court previously signaled it was inclined to award Wells Fargo its reasonable attorneys' fees and costs of $18,446.81 absent some contrary indication. (Order 4 n.1.) No party has disputed the reasonableness of the fees and costs. Accordingly, the Court will enter a judgment remitting $18,446.81 of the Proceeds to Wells Fargo.

Accordingly, all that is left for the Court now is to adjudicate the competing claims to what remains of the Proceeds. *Prudential Ins. Co. of Am.,* 2009 WL 1457676, at *4. Given the lack of responsiveness of all Defendants, the Court elects to do so by default judgment. *See Turner*, 1999 WL 1336074, at *2.

/ / /

/ / /

### B. Default Judgment

#### 1. Jurisdiction and Service of Process

The Court first addresses whether it may exercise subject-matter jurisdiction, whether the Court has personal jurisdiction over Defendants, and whether Plaintiff properly served Defendants. *See In re Tuli*, 172 F.3d 707, 710–12 (9th Cir. 1999). The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000. (Compl. ¶¶ 2, 4–7, 9–18.) The Court has general personal jurisdiction over Nangong because, upon information and belief, he resides in in Rowland Heights, California. (Compl. ¶ 5); *see Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473–74 (1985); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (general personal jurisdiction "permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world").) Knox and Hertrick appeared before this Court telephonically at a status conference and did not contest the Court's jurisdiction. (Mins., ECF No. 26.) They waived any defect in personal jurisdiction or service. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). Therefore, for purposes of this litigation, Knox and Hertrick are subject to the Court's personal jurisdiction.

Plaintiff served Nangong by publication, which the Court previously authorized under Federal Rule of Civil Procedure 4(e)(1) and California Code of Civil Procedure section 415.50(a). (Notice of Service by Publication, Exs. A–B, ECF No. 19; *see* Order Gr. Mot. for Order Permitting Service by Publication 3, ECF No. 14.) In short, the Court is satisfied of its jurisdiction over all Defendants.

#### 2. *Eitel* Factors

Next, the Court determines whether default judgment is appropriate in light of the *Eitel* factors. *Eitel*, 782 F.2d at 1471–72. This case has a unique procedural posture: the plaintiff-in-interpleader has been discharged from the case, and none of the other parties have filed anything with the Court, let alone advanced substantive claims or arguments why they should be entitled to the Proceeds. Thus, the Court does not evaluate the sufficiency of the complaint, the merits of the substantive claims, and the possibility of prejudice to the plaintiff because they appear to be inapposite here. *See id.* at 1471 (identifying factors without requiring courts to consider all of them).

      a.      *Sum of Money at Stake*

Under the fourth *Eitel* factor, the Court balances "the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). Here, the five-figure sum of money at stake is modest for a civil case in this Court, but possibly significant to Knox and Hertrick. Assuming the truth of their position that Nangong fraudulently induced them into wiring the money, the sum at stake is commensurate with the purported fraud. *Gucci Am., Inc. v. Wang*, No. C–09–05969 JCS, 2011 WL 31191, at *11 (N.D. Cal. Jan. 3, 2011), *R. & R. adopted*, 2011 WL 30972 (N.D. Cal. Jan. 5, 2011). This factor weighs weakly in favor of default judgment.

      b.      *Possibility of Dispute*

The fifth *Eitel* factor examines whether there is a likelihood of a dispute as to the material facts. *Eitel*, 782 F.2d at 1472. None of the remaining parties have disputed Hertrick and Knox's entitlement to the Proceeds. Nor have they objected to the Court's proposed division of the Proceeds by responding to the order to show cause. Therefore, no factual disputes exist that would preclude entry of default judgment.

      c.      *Possibility of Excusable Neglect*

The sixth *Eitel* factor considers whether a defendant's actions may be due to excusable neglect. *Eitel*, 782 F.2d at 1472. There is little possibility of excusable neglect when the defendants are properly served or are aware of the litigation. *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). The Court confirmed Knox and Hertrick's awareness of the proceedings at the July 2023 hearing. As to Nangong, Plaintiff properly served him by publication. (*See* Notice of Service by Publication.) "[S]ervice by publication rarely results in actual notice," *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995) (internal quotation marks omitted), so the possibility of excusable neglect with respect to Nangong is palpable. Notwithstanding, Wells Fargo and the Court have exhausted all reasonable attempts to locate Nangong and make him aware of this proceeding. Accordingly, the possibility of excusable neglect does not prevent the entry of default judgment.
///

        d.    *Policy Favoring Decisions on the Merits*

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The mere enactment of Rule 55(b) indicates, however, that "this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (internal quotation marks omitted). Defendants failed to respond to Wells Fargo's complaint or otherwise participate in the case beyond Knox and Hertrick's attendance at a status conference, precluding a decision on the merits. This factor does not preclude entry of default judgment.

Weighing the *Eitel* factors, the Court finds that default judgment is appropriate.

        3.    <u>Remedies</u>

None of the remaining parties have formally offered any legal claims, but Wells Fargo's complaint presents the parties' dispute plainly: Knox and Hertrick contend that they were fraudulently induced into sending funds to Nangong, and they demand their money back. (Compl. ¶¶ 12–17.) Hertrick and Knox have not answered the complaint or otherwise advanced their positions in the written record, but they did not contest Wells Fargo's representations at the hearing at which they appeared. And they did not contest the Court's proposal to award them the Proceeds less proportionate deductions toward Wells Fargo's fees and costs. (Order 4 n.1.) Given their failure to challenge this disbursement, the Court deems its proposed remedy appropriate. *See Kent*, 2008 WL 302372, at *5 (entering default judgment where pro se defendants-in-interpleader who appeared at hearings but failed to plead asserted interests in interpleader funds consistent with one another). The Court awards Knox $38,843.89, plus 49/89 of any accrued interest, and awards Hertrick $31,709.30, plus 40/89 of any accrued interest.

/ / /

/ / /

## IV. CONCLUSION

The Court grants Wells Fargo's motion for discharge from interpleader and awards it reasonable fees and costs of $18,446.81. The Court enters default judgment against Nangong and in favor of Knox and Hertrick. The Court orders the Clerk to enter judgment consistent with this Order and close the case.

**IT IS SO ORDERED.**

cc:    Ms. Knox (via regular U.S. Mail)
        Ms. Hertick (via regular U.S. Mail)